## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HEMENEGILDO ULLOA,** | **Civil Action No. 16-026 (MCA)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **CHARLES GREEN,** | |
| **Respondent.** | |

This matter having been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF Nos. 1, 3), and it appearing that:

1.   Petitioner has stated in his Petition that he has been detained without a bond hearing by Immigration and Customs Enforcement ("ICE") since May 12, 2015.[1] (*Id.*, Pet. at pg. 3.)

2.   On April 12, 2016, the Court directed the Respondent to state the basis for Petitioner's detention and to respond to the allegations in the Petition.  (ECF No. 5.)

3.   On May 26, 2016, Assistant United States Attorney David E. Dauenheimer filed a letter response on behalf of Respondent.  (ECF No. 7, Letter from AUSA Dauenheimer.)  The letter informed the Court that Petitioner is detained pending his removal proceedings pursuant to 8 U.S.C. § 1226(c).  (*Id.* at 2.)  The letter also states as follows: "based upon the current facts, the United States does not object to the Court remanding this matter to the Immigration Judge, and ordering a bond hearing for the Petitioner in accordance with applicable law and regulation."

---

[1] Petitioner initially omitted the signature page of his Petition.  He subsequently submitted the omitted page.

(*Id.* (citing 8 C.F.R. § 1003.19(c).)

4.  As noted in Mr. Dauenheimer's letter, the Third Circuit recently held that the Due Process Clause limits the Government's authority under 8 U.S.C. § 1226(c) to detain an alien without bond once the burdens to the alien's "liberties outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (finding that "beginning sometime after the six-month timeframe considered by *Demore* [*v. Kim*, 538 U.S. 510 (2003)], and certainly by the time Chavez–Alvarez had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute"). The Third Circuit noted, however, that the determination of reasonableness of detention is "highly fact-specific." *Id.* at 474, 476-477 (explaining that the Petitioner's good faith, the bona fides of Petitioner's challenge, and the reasonableness of the Government's conduct matter in determining when "a tipping point had been reached on the reasonableness of this detention").

5.  Here, Petitioner contends that he has been held in ICE custody since May 12, 2015. (Pet. at 3.) Respondent has informed the Court that Petitioner's detention is governed by § 1226(c), and does not object to Petitioner's request for a bond hearing. For these reasons, and because Petitioner's case does not appear meaningfully distinguishable from *Chavez-Alvarez*, this Court will grant the Petition and order an Immigration Judge to conduct a bond hearing for Petitioner.

**IT IS, THEREFORE,** on this ____ day of _____, 2016,

**ORDERED** that the petition for a writ of habeas corpus (ECF Nos. 1, 3) is GRANTED; and it is further

2

**ORDERED** that an Immigration Judge shall provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within ten (10) days of the date of this Order; and it is further

**ORDERED** that the Government shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon the parties, and shall close the file.

_____

Madeline Cox Arleo, District Judge
United States District Court